■ Louis Block, Plaintiff, v Milton Cohen, Defendant and Third-Party Plaintiff-Appellant-Respondent. Sue-Glo Realty Corporation et al., Third-Party Defendants-Respondents-Appellants; Choice Hotels Group of New York, Inc., Third-Party Defendant-Respondent.—Yesawich, Jr., J. Cross appeals from an order of the Supreme Court (Torraca, J.), entered August 11, 1986 in Ulster County, which partially granted third-party defendants' motion to dismiss the third-party complaint by dismissing the third-party complaint against third-party defendant Choice Hotels Group of New York, Inc.

In 1985, defendant sold his shares in third-party defendants Sue-Glo Realty Corporation (hereinafter Sue-Glo) and C.G.H.P. Enterprises, Inc. (hereinafter CGHP), the corporate owners of the Granit Hotel in Kerhonkson, Ulster County, to third-party defendant Choice Hotels Group of New York, Inc. (hereinafter

Choice) for $2,250,000. Four months later, plaintiff brought suit against defendant, alleging that defendant had agreed to pay plaintiff 5% of the gross sale price of defendant's interest in the hotel in exchange for work, labor and services performed by plaintiff in expanding Granit Hotel's golf course in 1977. Defendant denied entering into any such agreement, but instituted a third-party action seeking reimbursement should he be found liable. Defendant impleaded Sue-Glo and CGHP on the theory that if he did enter into an agreement with plaintiff, he did so while acting as president of those two corporations for the improvement of the Granit Hotel. Choice was impleaded on the basis of a clause contained in the purchase agreement entered into between defendant and Choice whereby the latter agreed to indemnify defendant for certain liabilities.

A motion by Sue-Glo, CGHP and Choice made pursuant to CPLR 3211 to dismiss the third-party complaint for failure to state a cause of action was granted with respect to Choice but denied with respect to Sue-Glo and CGHP. Defendant, Sue-Glo and CGHP appeal. We affirm.

The pertinent part of the clause underlying the indemnity claim against Choice is as follows: "At Closing, [defendant] shall receive general releases in form satisfactory to his Counsel, releasing [defendant] from any and all liability with respect to (i) bank loans, return of collateral * * * and other corporate obligations guaranteed or endorsed by [defendant]". Our examination of the record, which includes material beyond the four corners of the impleader complaint *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 272), discloses that if an agreement was indeed reached between plaintiff and defendant, it was not a guarantee or endorsement by defendant of a corporate obligation. Since a material fact necessary for defendant to establish his cause of action against Choice was lacking, the third-party complaint directed against it was properly dismissed. And insofar as defendant's third-party complaint asserts that any agreement arrived at with plaintiff was in defendant's capacity as president of Sue-Glo and CGHP, that complaint clearly states a cause of action against those corporations.

Sue-Glo and CGHP find fault with Supreme Court's failure to accord their motion summary judgment treatment. For a CPLR 3211 motion to be treated as one for summary judgment, there must be notice to the parties and the order emanating from the motion should reflect that the matter was given summary judgment consideration (CPLR 3211 [c]; *see,*

Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:46, at 49-50). That did not occur here. Furthermore, the motion would fail even if it were treated as one for summary judgment because plaintiff's averment, categorically disputed by defendant, that defendant was conducting business on a personal basis, hardly disposes of this material fact issue.

Order affirmed, without costs. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.